IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PENTECOSTAL TEMPLE CHURCH OF GOD )
IN CHRIST, etc., )
)
             Plaintiff, )
)
v. )   No. 05 C 1340
)
FORD MOTOR COMPANY, )
)
             Defendant. )

## MEMORANDUM OPINION

Ford Motor Company ("Ford") has filed its Notice of Removal ("Notice") to bring this putative class action from its place of origin, the Circuit Court of Cook County, to this District Court on diversity of citizenship grounds. This memorandum opinion and order is issued sua sponte to confirm the propriety of such removal without Ford's having complied with this District Court's LR 81.2.

There is no question about the existence of diverse citizenship between Ford and the only name plaintiff, Pentecostal Temple Church of God in Christ (the "Church")(see Complaint ¶¶4 and 5). As to the requisite amount in controversy, Ford has eschewed the level of certainty provided by LR 81.2 in favor of a discussion that for the most part identifies building blocks that it says add up to more than $75,000 as between the Church and Ford (see Notice ¶¶6-13). But several of those components are speculative in nature--one reason, as already suggested, for this Court's adoption of the bright-line approach embodied in LR 81.2.

There is no need, however, to evaluate those speculative components, for Ford is on firm ground in any event in pointing to the prayer for injunctive relief embraced within the Complaint: Its Prayer for Relief ¶2 seeks a judgment "[r]equiring correction of the defect in existing units or replacement of the units," and Notice Ex. D is the declaration by Charles Kopeika, the Recall Manager of its Customer Service Division, explaining the major costs that Ford would have to incur in carrying out a program of that nature. On that score, Ford surprisingly does not cite the most recent case from our Court of Appeals that reconfirms the use of such a defendant-oriented perspective in ascertaining whether the jurisdictional minimum has been satisfied (Rubel v. Pfizer Inc., 361 F.3d 1016, 1017, citing In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 609 (7th Cir. 1997)).

That then suffices--at least for the present--to justify the removal in jurisdictional terms. But this Court would be remiss if it did not also identify a question raised by Notice ¶16:

> Finally, it is well-established in the 7th Circuit that "[i]f the damages of one named plaintiff exceed the jurisdictional amount, the other named plaintiffs and the unnamed class members can remain plaintiffs even though their claims are for less than the jurisdictional amount because the court will have supplemental jurisdiction over their claims pursuant to 28 U.S.C. §1367." Holcombe, 272 F.Supp.2d at 796 (citing In re Brand Name, 123 F.3d at 607; Stromberg Metal Works v. Press Mech., Inc., 77 F.3d 928, 930-33 (7th Cir. 1996)). Consequently, federal jurisdiction exists for this entire putative class action to the extent that

2

the value of plaintiff's claims exceed $75,000.

As Ford's counsel ought to be aware, that precise question--the permissibility of piggybacking lesser claims by absent class members under 28 U.S.C. §1367--is now pending before the Supreme Court (its Dkt. Nos. 04-70 and 04-79, argued on March 1, 2005 to review the decisions in <u>Allapattah Servs., Inc. v. Exxon Corp.</u>, 333 F.3d 1248 (11th Cir. 2003) and <u>Ortega v. Star-Kist Foods, Inc.</u>, 370 F.3d 124 (1st Cir. 2004)). This Court expresses no view as to whether, if the Supreme Court were to resolve the issue differently than our Court of Appeals has done, that would call for a remand rather than the retention of this action.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 14, 2005